UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAYMOND J. CERILLI,              : | |
|     Plaintiff,           : | |
|                  : | PRISONER |
| v.                       : | CASE NO. 3:10-cv-421 (SRU) |
|                  : | |
| PETER MURPHY, et al.,    : | |
|     Defendants.         : | |

### RULING AND ORDER

Plaintiff Raymond J. Cerilli moves to file an amended complaint and seeks a copy of the operative complaint.

Cerilli may amend his complaint once as of right within twenty-one days of service or within twenty-one days after service of an answer or motion to dismiss, whichever is earlier. Fed. R. Civ. P. 15(a)(1). As service is ongoing, Cerilli has the right to amend his complaint.

Upon review, however, the proposed amended complaint is deficient. An amended complaint completely replaces the original complaint. The amended complaint should name all defendants in the case caption and include all claims and requests for relief. See International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied, 434 U.S. 1014 (1978). Cerilli's motion is dated April 1, 2010. In his proposed amended complaint, he includes incidents occurring on March 31, 2010 and April 1, 2010. He does not include the claims from the original complaint, as modified by the Initial Review Order. Thus, the proposed amended complaint is deficient and should not be filed.

In addition, prisoners are required to exhaust their administrative remedies before commencing an action in federal court and must comply with all procedural rules regarding the

grievance process. See Woodford v. Ngo, 548 U.S. 81, 85 (2006). Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001), overruled on other grounds by Porter v. Nussle, 534 U.S. 516 (2002). Failure to exhaust administrative remedies is an affirmative defense. See Jones v. Bock, 549 U.S. 199, 216 (2007). The court may, however, dismiss a complaint for failure to state a claim where the allegations in the complaint establish that the inmate failed to exhaust his administrative remedies before filing suit. See id.

Many of the incidents referenced in the affidavit in support of the amended complaint occurred at the time the amended complaint was drafted. There is no way that Cerilli could have exhausted his administrative remedies regarding any of these new claims. Thus, even if the amended complaint were filed, the claims would have been dismissed for failure to exhaust administrative remedies.

Cerilli's motion to amend [**Doc. #5**] is **DENIED** without prejudice. Cerilli is advised that, if he seeks leave to amend the complaint in the future, he must include a proposed amended complaint containing a **short** and **plain** statement of his claims. In addition, the claims that will be addressed in this case are the claims identified in the Initial Review Order.

Cerilli's motion for copy [**Doc. # 18**] is **GRANTED**; his motion for copy [**Doc. #9**] is **DENIED AS MOOT**. The Clerk is directed to send Cerilli a copy of the complaint and attached exhibits with this order.

**SO ORDERED** at Bridgeport, Connecticut this 8th day of July 2010.

    /s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge